**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



**DANA M. SERRANO, et al.,**

        **Plaintiffs,**

    **v.**

                                **Civil Action No. 2:16cv454**

**RAFAEL SERRANO, et al.,**

        **Defendants.**

## OPINION & ORDER

This matter is before the Court pursuant to two related motions. Defendant Rafael

Serrano ("Rafael") filed a Motion to Dismiss the claims against him in Plaintiffs Dana M.

Serrano's ("Dana's"), H.S.'s, D.S.'s, and S.S.'s (the latter three collectively, "Minor Plaintiffs'"

"Children's", and all four collectively, "Plaintiffs'") Second Amended Complaint ("Rafael's

Motion to Dismiss"). Doc. 43. Defendants Tara W. Moore ("Moore"), Maria Eiring ("Eiring"),

and the School Board for the City of Suffolk ("the School Board") (collectively, "School

Defendants") also filed a Motion to Dismiss the claims against them in Plaintiffs' Second

Amended Complaint ("School Defendants' Motion to Dismiss"). Doc. 45. For the reasons set

forth herein, the Court **GRANTS** the School Defendants' Motion to Dismiss **IN PART**, granting it

as to Count Nine (9).

## I.    BACKGROUND

### A.    Factual Allegations[1]

This is a domestic relations case. Doc. 42 ("Second Am. Compl.") ¶ 4. Plaintiff Dana

---

1 "In considering a motion to dismiss, [the Court] accept[s] as true all well-pleaded allegations and view[s] the
complaint in the light most favorable to the plaintiff." Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir.
2005) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993)). The Court cautions, however, that the
facts alleged by Plaintiff are recited here for the limited purpose of deciding the instant Motion to Dismiss. The
recited facts are not factual findings upon which the Parties may rely for any other issue in this proceeding.

and Defendant Rafael are the parents of the Minor Plaintiffs.  Id. ¶¶ 4, 7.  Plaintiff Dana has sole custody of the Children, while Defendant Rafael has some visitation rights.  See id. ¶ 7.

On June 13, 2014, Defendant Rafael filed a complaint with Child Protective Services ("CPS") alleging that the Children were abused or neglected by Plaintiff Dana.  Id. ¶ 22.  After investigation, CPS determined that the allegations were unfounded.  Id.

From October 13, 2015 until February 8, 2016, Defendant Rafael periodically visited the Children at Northern Shores Elementary School.  Id. ¶¶ 8, 30.  These visits violated court orders regarding visitation rights and did not occur with Plaintiff Dana's permission.  See id. ¶ 8. During these visits, Defendant Rafael encouraged the Children to complain to school officials about Plaintiff Dana.  Id.  He also shared information about "court activities" with the Children and with school officials.  Id.  At one point, on May 12, 2015, Defendant Rafael attempted to kidnap the Children.  Id.  He further encouraged Defendant Eiring to call Plaintiff H.S. to her office to discuss possible abuse by Plaintiff Dana.  Id.  In addition, he discussed the alleged abuse with Defendant Moore.  Id. ¶ 30.  These school visits by Defendant Rafael were also approved by Defendant Moore and by the Defendant School Board despite knowledge that Defendant Rafael was not permitted to visit the Children at those times.  Id. ¶¶ 13, 37.

With Defendant Moore's authorization and without Plaintiff Dana's knowledge or approval, Defendant Eiring began counseling sessions with Plaintiff H.S.  Id. ¶ 19.  She physically restrained H.S. at some point in counseling.  Id. ¶ 16.  She eventually filed a CPS complaint alleging that Plaintiff Dana abused or neglected the Children.  Id. ¶ 26.  She filed this CPS complaint solely to assist Defendant Rafael in his custody proceedings.  Id.  She also filed notes and affidavits with Suffolk Juvenile Court stating that only Defendant Rafael and not Plaintiff Dana should receive information about the counseling sessions.  Id. ¶ 13.

After the counseling and CPS investigations, Plaintiffs are fearful, anxious, and nervous. Id. ¶ 37. They incurred "mental and emotional suffering, fright, anguish, shock, nervousness, and anxiety." Id. The Minor Plaintiffs "suffer intense feelings of fear, anger, confusion, and sadness." Id.

**B.    Procedural History**

Plaintiffs filed a thirty-four (34) page Complaint containing seven (7) counts in the Circuit Court for the City of Suffolk on June 9, 2016. Doc. 1, Ex. 1. On July 22, 2016, Defendants removed the case to this Court under its federal question jurisdiction over Plaintiffs' claims under 42 U.S.C. §§ 1983, 1985, 1988, and the First and Fourteenth Amendments to the Constitution. Id. at 2.

After receiving an extension of time from the Court, Doc. 8, Plaintiffs filed the Amended Complaint on August 22, 2016, Doc. 9 ("Am. Compl."). The Amended Complaint spanned one hundred twenty-seven (127) pages, had one hundred seventy-four (174) pages of exhibits, and contained twelve (12) counts across seven hundred twenty-seven (727) numbered paragraphs and forty-six (46) unnumbered paragraphs. See id. On January 23, 2017, the Court GRANTED a Motion to Strike Plaintiffs' Amended Complaint, Doc. 16, for violation of Rule 8(a)(2), which mooted several other pending motions. Docs. 40–41. The Court also directed Plaintiffs to file a Second Amended Complaint no more than thirteen (13) pages in length within ten (10) days of January 23, 2017. See id.

Plaintiffs filed the Second Amended Complaint on February 1, 2017. See Second Am. Compl. Defendant Rafael filed his Motion to Dismiss on February 10, 2017. Doc. 43. The School Defendants filed their Motion to Dismiss on the same day. Doc. 45. Plaintiffs filed their opposition briefs on February 24, 2017. Docs. 47–48. Defendant Rafael filed his reply brief on

March 2, 2017. Doc. 49. The School Defendants filed their reply on the same day. Doc. 50. Final Pretrial Conference was scheduled for May 4, 2017, and trial was scheduled for May 16, 2017, Doc. 38, although both dates are currently continued, Doc. 65.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss tests the sufficiency of a complaint; it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Venkatraman, 417 F.3d at 420 ("In considering a motion to dismiss, we accept as true all well-pleaded allegations and view the complaint [or counterclaim] in the light most favorable to the plaintiff [or counterclaim plaintiff]") (citing Mylan Labs., 7 F.3d at 1134). A complaint establishes facial plausibility "once the factual content of a complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Therefore, the complaint need not include "detailed factual allegations" as long as it pleads "sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct." Id. Although a court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

In deciding the motion, a court may consider the facts alleged on the face of the complaint as well as "'matters of public record, orders, items appearing in the record of the case, and exhibits

attached to the complaint.'" Moore v. Flagstar Bank, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (1990)). The court may look to documents attached to the complaint and those incorporated by reference without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. See Pueschel v. United States, 369 F.3d 345, 353 n.3 (4th Cir. 2004) (citations omitted).

### III.    ANALYSIS

#### A.    The Complaint Blatantly Violates This Court's Order

Before addressing any claims, the Court must address a preliminary matter. The Second Amended Complaint violates the Court's Order limiting the Complaint to thirteen (13) pages, as it incorporates seventy-six (76) paragraphs from the First Amended Complaint by reference. See Second Am. Compl. ¶¶ 1, 5; see also Doc. 41 (ordering a thirteen (13) page limit). Defendant Rafael's Motion to Dismiss disregards the incorporated paragraphs, see Doc. 44 at 1 n. 2, while the School Defendants' Motion to Dismiss does not address the issue, see Doc. 46. Because Plaintiff's incorporation clearly violates this Court's Order, the Court **STRIKES** paragraphs one (1) and five (5) of the Second Amended Complaint, thus disregarding any allegations not within the ordered thirteen (13) pages.

#### B.    Federal Claim against the School Defendants, Count Nine (9): § 1983[2]

This case is largely a domestic relations case, and it is only before this Court on one federal claim: violation of 42 U.S.C. § 1983 ("§ 1983"). Section 1983 holds any person liable for damages who deprives someone of Constitutional rights while acting under color of state law. States and state officials in their official capacity are not "persons" subject to liability under

---

[2] Plaintiff states that the claim is pursuant to 42 U.S.C. §§ 1983 and 1988, but the latter statute is only a source of remedies and not a source of claims. See 42 U.S.C. § 1988. Thus, the Court only needs to address § 1983.

§ 1983. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). State officials in their personal capacity are "persons" subject to liability, though, even for actions of an official nature. <u>Hafer v. Melo</u>, 502 U.S. 21, 31 (1991).

### i.    *Due Process Claim*

Plaintiff Dana alleges that the School Defendants violated her fundamental liberty interest of "a parent's right to raise her children protected by the Constitutional guarantee of due process." Second Am. Compl. ¶ 37.

The Due Process Clauses of the Fourteenth Amendment protects citizens against deprivation "of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV. One of the fundamental liberty interests that this clause protects is "the sanctity of the family unit." <u>Hodge v. Jones</u>, 31 F.3d 157, 163 (4th Cir. 1994). Due Process claims based on familial privacy are restricted to two types of claims: "(1) thwarting governmental attempts to interfere with particularly intimate family decisions, and (2) voiding government actions that sever, alter, or otherwise affect the parent/child relationship." <u>Id.</u> In addition, a court may find that the interest in familial privacy is "outweighed by a legitimate government interest," such as the state's interest in "curtailing the abuse and neglect of its minor citizens." <u>Id.</u> at 164 (citing <u>Santosky v. Kramer</u>, 455 U.S. 745, 766 (1982)).

The School Defendants argue that the alleged facts do not show deprivation of any legitimate liberty interest. Doc. 46 at 22–23. They contend that their alleged policy of allowing an ex-husband with limited visitations rights to have access to his children cannot violate Plaintiff Dana's liberty interest because the alleged policy does not deprive her of any care, custody, or control of the Children. <u>Id.</u> at 22; <u>see also id.</u> at 20 (citing <u>Rinderer v. Del. Cty. Children & Youth Servs.</u>, 703 F. Supp. 358, 361 (E.D. Pa. 1987); <u>Randolph-Ali v. Steelton Police Dep't</u>, No.

1:16cv01625, 2016 U.S. Dist. LEXIS 153436, at \*38 (M.D. Pa. Nov. 3, 2016); Proctor v. Green,

No. 3:07cv45, 2008 U.S. Dist. LEXIS 39401, at \*10, \*15, \*19 (W.D. Va. May 14, 2008)).

Plaintiff Dana responds that both granting Defendant Rafael access to the Children and detaining

child H.S. in counseling without Plaintiff Dana's permission interfered with her rights.   Doc. 48 at

10.

       In the best possible reading of these facts for Plaintiff, the School Defendants are merely

complicit in a violation of visitation rights.   No authority supports finding that such activity

qualifies as tortious interference with parental rights, let alone a violation of the Due Process

clause.   Accordingly, the Court **FOUND** that the Second Amended Complaint fails to allege a

cognizable tortious interference claim with parental rights or a Due Process violation.   The

secretive counseling further diminishes the claim, as Plaintiff Dana would need to plead why the

state's interest in stopping abuse and neglect is outweighed by her liberty interest here.   See

Hodge, 31 F.3d at 163.   She fails to make any such pleading.   See Second Am. Compl. ¶¶ 36–38.

       Thus, because Plaintiff Dana fails to state a cognizable deprivation of her liberty interest,

the Court **GRANTED** the School Defendants' Motion to Dismiss as to Count Nine (9).

                                    *ii.      Immunity*

       The Court alternatively **FOUND** that the School Defendants are entitled to immunity on

these facts.

       Virginia law treats municipalities as agencies of the state when acting in a governmental

capacity.   See Snyder v. City of Alexandria, 870 F. Supp. 672, 691 (E.D. Va. 1994) (citations

omitted).   Thus, municipalities are immune from suits for actions in their governmental capacity.

See id.   "A function is governmental if it is 'directly tied to the health, safety, and welfare of the

citizens.'"   Niese v. City of Alexandria, 264 Va. 230, 239 (2002) (quoting Edwards v. City of

                                          7

Portsmouth, 237 Va. 167, 171 (1989)). This immunity for governmental functions applies to school boards in Virginia. See Linhart v. Lawson, 261 Va. 30, 36 (2001).

Individual government officials are protected from liability under § 1983 by qualified immunity. They are not liable for discretionary actions within the scope of their authority as long as those actions do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). As a result, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

The School Defendants' actions to allow Defendant Rafael to visit his children at lunch and to administer counseling to one of the children were actions within the scope of their authority. Plaintiff Dana argues that the School Defendants' actions were outside the scope of their authority because they were favoring Defendant Rafael over her. Doc. 48 at 18. This argument is unpersuasive. Plaintiff Dana essentially seeks a ruling from this Court that the School Defendants act outside their authority whenever they use their discretion in a way that she opposes. The purpose of discretionary actions to protect children is to act to the disadvantage of the parent that the school believes is threatening the safety of the children. Whether they correctly use their discretion is immaterial to whether they are acting within the scope of their authority. Thus, the Court **FOUND** that the alleged actions of the Defendant School Board are governmental actions and that the alleged actions of Defendants Moore and Eiring are discretionary actions within the scope of their authority. Assuming arguendo that the Court should find a novel Due Process violation on these facts, such a Due Process right would not be clearly established prior to that novel finding. Accordingly, the alleged acts of Defendants Moore and Eiring could not violate any clearly established right. Thus, the Court **FOUND** in the alternative that even if a

8

constitutional violation existed on the alleged facts, the School Defendants are all immune from suit for such a violation because the Defendant School Board acted in a governmental capacity and because Defendants Moore and Eiring are entitled to qualified immunity.

**C.     State Law Claims**

The Court **DECLINES** to further address the state law claims. This type of domestic relations case is best addressed by the state courts, which have greater experience and expertise in this subject matter. The state courts have also handled many of the domestic relations issues between Plaintiff Dana and Defendant Rafael in related cases. Furthermore, the Court is concerned that the Guardian ad Litem, who represents the children in other state court proceedings between these same parties, has not participated in this proceeding. The alleged conflicts of interest in this case between Plaintiff Dana and the Minor Plaintiffs are best addressed by the state courts.

## IV.     CONCLUSION

The Court **STRIKES** paragraphs one (1) and five (5) of the Second Amended Complaint for violation of this Court's previous Order. The Court **GRANTS** the School Defendants' Motion to Dismiss, Doc. 45, **IN PART**, granting it as to Count Nine (9).

The Court further **REMANDS** this case to the Circuit Court for the City of Suffolk because this Court lacks subject matter jurisdiction after dismissing the only federal claim. See 28 U.S.C. § 1447(c).

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

_____
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
June __6__, 2017